UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCUS CREIGHTON, CONSTANCE GREEN, DON ROMAN, DANIELLE SYDNOR, DARRYL FYALL, CHARLES SWINDELL, and VERNON HOBBS, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>    Defendant. | 1:15-cv-08321-WHP<br><br>Judge William H. Pauley III |

**FINAL APPROVAL ORDER**

Having considered Plaintiffs' Motion for Final Approval of Class Action Settlement (the "Motion") and Petitions for Attorneys' Fees and Costs and Service Awards to the Class Representatives, and the supporting materials, the Settlement Agreement (Dkt. 101-1), and the exhibits attached thereto, the oral arguments presented at the June 21, 2017 Fairness Hearing, and the complete record in this matter, it is ordered that the Motion is **GRANTED** under Rule 23 of the Federal Rules of Civil Procedure.

The Court further makes the following findings and rulings:

**I.    DEFINITIONS**

This Final Approval Order incorporates by reference the definitions in the Settlement Agreement, attached as Exhibit A hereto, and all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement.

**II.   JURISDICTION**

This Court has jurisdiction over the subject matter of the litigation and over all Parties to this litigation, including all members of the Settlement Class as defined below.

### III. SETTLEMENT CLASS CERTIFICATION

In its Preliminary Approval Order, the Court conditionally certified a Settlement Class. The Court now finds that the Settlement Class satisfies all of the requirements for certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3). Accordingly, for purposes of this Settlement, and pursuant to Federal Rules of Civil Procedure 23(b)(3) and Rule 23(e), the Court certifies the following Settlement Class:

> All African American and/or Black Financial Services Representatives ("FSRs") who were (1) employed by and/or affiliated with Metropolitan Life Insurance Company or (2) affiliated with New England Life Insurance Company in the United States at any time from May 15, 2011 through July 1, 2016.

### IV. CLASS NOTICE

The Notices mailed to Settlement Class Members, pursuant to this Court's Preliminary Approval Order, constituted the best notice practicable under the circumstances, which was accomplished in all material respects. As set forth in the Declaration of Jenny E. Shawver re: Notice Procedures (Dkt. 114), on April 14, 2017, the Claims Administrator mailed the Notices to 653 Settlement Class Members and 37 potential Settlement Class Members. For Settlement Class Members whose mailings were returned as undeliverable, the Claims Administrator conducted searches for correct mailing addresses and sent the Notices to those addresses found. As of June 9, 2017, more than 98% of the Settlement Class Members and potential Settlement Class Members appear to have received the mailed Notices. The distribution of the Notices fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process under the U.S. Constitution, and any other applicable law.

On March 7, 2017, consistent with the Class Action Fairness Act ("CAFA"), the CAFA Notice was mailed to the Attorney General of the United States and the Attorneys General of the

39 states and the District of Columbia in which Settlement Class Members reside. No objections were received from any federal or state officials.

## V.     FINAL APPROVAL OF SETTLEMENT AGREEMENT

The Court hereby grants the Motion and finally approves the Settlement as set forth in the Settlement Agreement. The Court has reviewed the terms of the proposed Settlement Agreement along with its exhibits, including the plan of allocation for the Settlement Fund and the Plaintiffs' Motion. Based on a review of those papers and the Court's familiarity with the case, the Court concludes that the Settlement Agreement is the result of extensive, arm's length negotiations between experienced counsel and parties after hard-fought litigation. The assistance of experienced mediators in the settlement process also confirms that the Settlement is not collusive.

Having considered the complexity, expense, and likely duration of further litigation, the lack of opposition to the settlement among the Settlement Class Members, the stage of the proceedings and the substantial amount of discovery and investigation completed, the risks of establishing liability and damages and of maintaining the class action through trial, the Defendant's ability to withstand a greater judgment, and the range of reasonableness of the settlement fund in light of the best possible recovery and in light of all the attendant risks of litigation, the Court finds that the Settlement is fair, reasonable, adequate, and well within the range of final approval.

The Court further finds that the response of the Settlement Class Members to the Settlement Agreement supports approval of the Settlement. No Settlement Class Members have objected to or opted out of the Settlement. Given that notices were mailed to 690 potential class members, the lack of objections and opt outs indicates strong support for the Settlement from the Settlement Class.

The Settlement Agreement attached hereto as Exhibit A is hereby approved and incorporated herein and shall become effective according to its terms. The Court hereby appoints KCC Class Action Services, LLC ("KCC") to serve as the Claims Administrator. On or before July 6, 2017, the Claims Administrator shall (a) mail to all Settlement Class Members and potential Settlement Class Members the Notice of Final Approval of Class Action Settlement ("Final Notice"), attached as Exhibits B and C respectively, along with the Claim Form and IRS Forms W-4 and W-9, and (b) post a copy of this Order, the Final Notice, the Claim Form, and IRS Forms W-4 and W-9 on the website maintained by the Claims Administrator, http://www.creightonsettlement.com. The Final Notice shall inform Settlement Class Members that Claim Forms may be filed either by mail or electronically through the Claims Administrator's website, and that the deadline for filing Claim Forms is August 28, 2017. The Court finds the proposed claims process is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Settlement Agreement by which payments are to be calculated and made to Settlement Class Members filing timely claims are fair, reasonable, and adequate.

The Court has appointed Lynn P. Cohn as Special Master to perform the duties set forth in the Order Appointing Special Master, pursuant to Federal Rule of Civil Procedure 53. The Neutrals selected by the Special Master in consultation with Class Counsel to evaluate the claims of Settlement Class Members shall similarly serve as appointments made pursuant to the Court's authority under Rule 53 of the Federal Rules of Civil Procedure.

## VI. INCENTIVE AWARDS

The preliminary Class Notices included the exact amount of the requested incentive awards for Class Representatives. No member of the Settlement Class filed any objection to the incentive awards, which the Court takes as an indication that the Settlement Class values the

efforts of the Class Representatives on behalf of the Settlement Class. In light of the lack of objection by the Settlement Class, the ultimate recovery obtained for the Class, the personal risks that the Class Representatives incurred, the considerable efforts they expended in this litigation, and the fact that the Class Representatives are giving a general release to MetLife, the Court grants Incentive Awards to the Class Representatives as follows: $75,000 to Marcus Creighton and $50,000 each to Constance Green, Don Roman, Danielle Sydnor, Darryl Fyall, Charles Swindell, and Vernon Hobbs.

**VII. CLASS COUNSEL'S ATTORNEYS' FEES AND COSTS**

The Court has considered the favorable results obtained on behalf of the Settlement Class, the market value of the legal services provided, the risks Class Counsel undertook in accepting the representation, the magnitude and complexities of the litigation, the quantity and quality of the legal services provided to the Settlement Class and that will continue to be provided through the claims resolution process, and public policy considerations. For the reasons stated in open court at the Fairness Hearing, for purposes of settlement administration, $7,150,000 shall be set aside from the settlement fund to be distributed to class members. One-half of the attorneys' fees set aside, which amounts to $3,575,000, shall be paid to Class Counsel after entry of this judgment.  Class Counsel shall apply for further installment payments of attorneys' fees as the settlement process unfolds.  This will afford the Court an opportunity to utilize a lodestar cross-check and help to ensure that the settlement and claims adjustment process is completed in the most expeditious fashion.  The Court also approves reimbursement of the costs and expenses Class Counsel reasonably incurred in prosecuting this action, in the amount of $78,869.84.

**VIII. RELEASES AND EFFECT OF SETTLEMENT**

By operation of this Final Approval Order, all Released Claims of Settlement Class Members, including the Named Plaintiffs, are fully, finally, and forever released, relinquished, and discharged pursuant to the terms of the Settlement Agreement. In addition, those Named Plaintiffs who choose to receive a service award in conjunction with this Settlement shall release the claims covered by the Named Plaintiff Releases as contained in Administrative Order No. 2 to the Settlement Agreement, and such claims are fully, finally, and forever released, relinquished, and discharged pursuant to the terms of the Settlement Agreement. The Court has reviewed the release provisions in the Settlement Agreement and in the Named Plaintiff Releases annexed as Administrative Order No. 2 to the Settlement Agreement, and the Court finds all of these releases to be fair, reasonable, and enforceable under applicable law. All Released Claims as defined in the Settlement Agreement are dismissed with prejudice as to all Settlement Class Members.

Each Settlement Class Member is permanently enjoined from commencing, prosecuting, or maintaining in any court or venue other than this Court any claim, action, or other proceeding that challenges or seeks review of or relief from any order, judgment, act, decision, or ruling of this Court in connection with the Settlement.

Each Settlement Class Member is permanently enjoined from commencing, prosecuting or maintaining in any forum, either directly, representatively, or in any capacity, any claim that is subsumed within the Released Claims defined in Section V.A of the Settlement Agreement, including all claims of race discrimination under federal, state and local laws, through March 30, 2017.

This Final Approval Order and Settlement Agreement are binding on all Settlement Class Members. Neither the Settlement Agreement, nor this Final Approval Order, nor the certification

of the Settlement Class, nor the fact of a settlement, is or shall be used or deemed to be an admission or concession by Defendant of any fault, liability, or wrongdoing.

The Court hereby enjoins disclosure of the documents and information exchanged during the parties' confidential settlement negotiations and mediations to any third party not specified in the parties' confidentiality agreements.

Ten business days after the Effective Date of the Settlement, the Amended Complaint shall automatically be dismissed with prejudice, except that the Court will retain continuing jurisdiction limited to resolving issues relating to the administration, implementation, and enforcement of the Settlement Agreement and this Final Approval Order. This Order shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

Dated: June 27, 2017
       New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.